UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**ANITA ROBERTSON**                                          CIVIL ACTION NO.

VERSUS                                                                     SECTION

**STATE FARM FIRE AND CASUALTY COMPANY**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>COMPLAINT FOR DAMAGES, BREACH OF CONTRACT AND BAD FAITH, AND ALL OTHER RELIEF AND COMPENSATION</u>**

NOW INTO COURT, through undersigned counsel, comes complainant, ANITA ROBERTSON (hereinafter "Complainant"), and files this Complaint for Damages, Breach of Contract, Bad Faith pursuant to La. R.S. 22:1892, LA. R.S. 22:1973, La. R.S. 22:41, et seq., and all other sources of legal and statutory law pursuant to which Complainant may recover, against Defendant, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "Defendant"), respectfully averring as follows:

**I. PARTIES**

1. Made Plaintiff herein is ANITA ROBERTSON domiciled at 1467 CABRINI CT NEW ORLEANS, LA 70122 in Orleans Parish.

Made Defendants herein are:

2.     STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurer who is authorized to do and is doing business in the State of Louisiana and the Parish of Orleans and is domiciled at One State Farm Plaza Bloomington, IL 61710 which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II. JURISDICTION AND VENUE

3. Jurisdiction and Venue are proper in this Court, which has subject-matter jurisdiction under 28 USC § 1332 based on diversity of citizenship because the plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

## III. RELEVANT FACTS

4. At all times relevant hereto, Complainant owned property at 1467 Cabrini Ct, covered by a policy of insurance, policy number 18BLE3668 Account Holder ANITA ROBERTSON, and Insured Location 1467 Cabrini Court, which Defendants provided, and which covered the Property against all perils pertinent to the instant action, as declared in the policy:

COVERAGE(S) FOR WHICH PREMIUM WAS PAID:

| | |
|---|---|
| Coverage A – Dwelling | $475,876.00 |
| Coverage B – Personal Property | Per Policy |
| Coverage C – Loss of Use | Per Policy |
| And Other Coverages | As per the policy |

Plaintiff herein alleges and brings a claim for misrepresentation and alleges that the adjustment process undertaken by State Farm misrepresented facts and circumstances relative to the damages and losses sustained, and were in violation of the insurance code provisions, including but not limited to La. R.S. 22:1892, LA. R.S. 22:1973, La. R.S. 22:41, et seq.

5. On or around 08/29/2021 significant damages were sustained by Complainant to property covered by the policy.

6. Immediately following the storm's passing, Complainant promptly reported the loss to Defendants, who assigned it a claim number, yet failed to comply with the law relative to timely

loss adjustment, failed to conduct a thorough or adequate inspection necessary to adjust the loss and act in good faith, and failed to satisfy their legal and contractual duties of good faith and fair dealing.

7. Due to the severity of the damage, and the dire conditions in the area, Complainant was forced to evacuate and incurred additional living expenses and out of pocket expenses in order to mitigate the damages. These actions were more than reasonable, fully discharged any duty the insured Complainant had, all of which inured to the benefit of the Defendant in this action.

8. Complainant is being forced to file the instant suit, to recover against the Defendant for their clear bad faith and failure to tender adequate amounts pursuant to the policy of insurance that they issued and accepted all premiums for.

9. Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973. Despite having satisfactory proof of loss upon its initial inspections of the premises, Defendant unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storm.

10. Meanwhile, Plaintiff awaits sufficient funds from State Farm to repair her home to its pre-storm condition. Her home continues to deteriorate each and every day, while the costs of labor and materials have increased sharply.

11. Complainant was forced to incur the expense of retaining counsel and other expenses to prosecute her claim.

12. A demand for the release of unconditional tenders was sent to Defendant, along with requests for information and including invoices and other documents substantiating damages in excess of the policy limits.

13. This submission further constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

14. No or insufficient amounts of money have been offered by Defendant with no explanation for the failures have been proffered.

15. As a result of Defendant's failure to timely and adequately compensate Complainant for her substantial losses, property remains out of use, and costs Complainant money daily. In addition to these compounding financial losses, Defendant's actions trigger Louisiana's Bad Faith Penalties, making them liable for additional penalties.

16. Upon information and belief, Defendant's failure to timely and adequately compensate Complainant for her loss, after receiving satisfactory proof of loss, was purposeful or at least negligent; furthermore, Plaintiff has sustained non-excluded mold damage throughout her home, that would not have existed but-for Defendant's grossly negligent or complete lack of thorough and timely claims adjustment.  Further, Claimaint has sustained physical damages, personal injuries, and loss of quality of life, due to the health impacts she continues to sustain, being exposed to the mold inside the home, that exists due to State Farm's negligence in identifying and properly adjusting the loss.

17. Upon information and belief, Defendant conducted the investigation and claims handling for Complainant's claim in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973 and La. R.S. 22:41 et seq.

18. Complainant has incurred and still incurs additional expenses as a result of Defendant's failure to timely compensate her for her substantial and covered losses.

## IV. CAUSES OF ACTION

### A. Breach of the Insurance Contract

19. Complainant realleges and re-avers the allegations contained in paragraphs 1-18, above, as if restated herein.

20. An insurance contract, the Policy, exists between Complainant and Defendant.

21. The Policy provides coverages for the losses sustained and described herein.

22. Despite having received satisfactory proof of loss for damages caused by Hurricane Ida Defendant failed to timely tender adequate insurance proceeds as required by the Policy.

23. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of Defendants' inspection, Defendants breached the Policy.

24. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of estimates and photographs, Complainant's contents list, and Complainant's documented additional expenses Defendant breached the Policy.

25. By purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy, Defendant breached the Policy.

26. By failing to conduct the claims handling for Complainant's Claim in good faith and with fair dealing, Defendant breached the Policy.

27. Complainant has suffered and continues to suffer damages, including health impairment and physical injuries, from exposure to mold, excessive moisture and particulate matter, as a result of these breaches of the Policy.

**B. Bad Faith**

28. Complainant realleges and re-avers the allegations contained in Paragraphs 1-27, above, as if restated herein.

29. The actions and/or inactions of Defendants in failing to timely and adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendants liable for statutory bad faith penalties.

30. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

31. "[F]ailing to pay the amount of any claim due any person insured by the contract within thirty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

32. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

33. Defendants is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with their claim, despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss.

34. Defendants' misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

35. Defendants' failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

36. Defendants' failure to pay timely for damages it knew, or should have known, existed at the time it received estimates and photographs and Complainant's contents list and documented additional costs was in bad faith.

37. Defendants' handling of Complainant's Insurance Claims was in bad faith. Complainant has suffered and continues to suffer damages, including health impairment and physical injuries, from exposure to mold, excessive moisture and particulate matter, as a result of Defendants' lack of good faith, and bad faith in performing its duties, and in dealing unfairly with Complainant.

## V. DAMAGES

38. Complainant realleges and re-avers the allegations contained in the numbered Paragraphs, above, as if restated herein.

39. As a result of Defendants' breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for repairs and replacement of the Property;

e. Additional expenses;

f. Mental anguish; Personal Injuries and damages to her health and loss of enjoyment of life and other health-related damages;

g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## JURY DEMAND

40. Complainant requests a trial by jury.

WHEREFORE, Complainant ANITA ROBERTSON prays that, Defendant be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, and against Defendants, in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

_____
Justin L. Winch, Esq.
*Attorney, Member*
**WINCH LAW FIRM, LLC**
324 18th St
New Orleans, LA 70124
Cell:   (504) 214-3400
justin.winch@winchlawfirm.com

**PLEASE SERVE:**

STATE FARM FIRE AND CASUALTY COMPANY
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809